IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE HUNTINGTON, JR. #272066, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:21-cv-434-WKW-SMD [WO] |
| JAMES BRAZIER, | ) ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff David Wayne Huntington, Jr. (Plaintiff), an inmate formerly confined at the Houston County Jail, brings this action under 42 U.S.C. § 1983. *Compl.* (Doc. 1) pp. 2–5. In June 2021, the undersigned ordered Plaintiff to immediately inform the Court should he have any change of address. *Order* (Doc. 4) p. 4. The undersigned cautioned Plaintiff that failure to provide a correct address to this Court within ten days after any change of address would result in a recommendation that this case be dismissed. *Id.*

On August 17, 2021, the undersigned learned that Plaintiff no longer resides at the Houston County Jail. *Order* (Doc. 9) p. 1. Accordingly, the undersigned ordered Plaintiff to show cause, on or before August 27, 2021, why this case should not be dismissed for failure to prosecute. *Id.* at 2. The undersigned warned Plaintiff that failure to comply would result in a recommendation that this case be dismissed. *Id.* To date, Plaintiff has neither

provided a correct address to this Court nor responded to the undersigned's show cause order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that such a "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to provide a correct address to this Court and to comply with the undersigned's show cause order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this recommendation on or before **October 12, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and

waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 28th day of September, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE