IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE HUNTINGTON, JR., #272066, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:21-CV-434-WKW-SMD |
| JAMES BRAZIER, | ) ) ) | |
| Defendant. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff David Wayne Huntington, Jr. filed this pro se 42 U.S.C. § 1983 action on or around June 24, 2021. *See* Doc. 1. Defendant has since filed an Answer and Special Report with supporting evidentiary materials denying Plaintiff's allegations. Doc. 33. On February 10, 2022, the Court issued an Order directing Plaintiff to file a response to Defendant's materials by March 3, 2022. Doc. 34. The Court specifically cautioned Plaintiff that, if he failed to file a response, the Court would treat that failure as an abandonment of the Complaint and a failure to prosecute this action, and the undersigned Magistrate Judge would recommend dismissal of this case. *Id.* at 2. To date, Plaintiff has not filed a response to Defendant's materials or otherwise responded to the Court's February 10 Order.

Because of Plaintiff's failure to comply with an order of the Court and failure to prosecute this action, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that

"dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where the deadline for Plaintiff to respond passed nearly two months ago, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **May 5, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of April, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE